IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRADLEY BRIAN TRIPP,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER REGARDING COMPETENCY<br><br><br><br>Case No. 2:10-CR-263 TS |

This matter is before the Court for a determination of Defendant's competency to stand trial. For the reasons discussed below, the Court finds Defendant to be competent.

I. BACKGROUND

Defendant was initially indicted on March 31, 2010, on one count of illegal importation of a controlled substance.[1] This matter was eventually set for a change of plea hearing on May 9, 2011.[2] At that hearing, however, counsel raised concerns over Defendant's competency and

---

[1]Docket No. 1.

[2]Docket No. 31.

1

requested a competency evaluation.[3] An Order for Competency and Sanity Evaluation was entered on May 16, 2011.[4]

Defendant was evaluated at the University of Utah Neuropsychiatric Institute by Dr. Jeffrey Watabe. Dr. Watabe prepared an evaluation regarding competency to stand trial. In that evaluation, Dr. Watabe found that Defendant suffers from numerous substance abuse and dependence difficulties, as well as major depressive disorder and anxiety order, but ultimately concluded that these disorders do not cause Defendant to be unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

## II. DISCUSSION

18 U.S.C. § 4241(c) provides that a hearing on competency "shall be conducted pursuant to the provisions of section 4247(d)." Under § 4247(d), the Court must hold a hearing and Defendant must have an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine any witnesses who appear at the hearing.[5] The Court shall determine if Defendant is competent by a preponderance of evidence.[6]

"[T]he test for competency is whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has

---

[3]Docket Nos. 33 & 34.

[4]Docket No. 36.

[5]18 U.S.C. § 4247(d).

[6]*Id*. § 4241(d).

a rational as well as factual understanding of the proceedings against him.'"[7]  "When assessing a defendant's competence, 'the district court may rely on a number of factors, including medical opinion and the court's observation of the defendant's comportment.'"[8]

Having reviewed the report of Dr. Watabe, questioned and observed Defendant, and for the reasons stated at the hearing, the Court finds that Defendant is competent to stand trial at this time.  The Court finds that Defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him.

The Court excludes the time from filing the Motion for Competency and Sanity Evaluation to the date of this Order under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(1)(A).

III.  CONCLUSION

Based on the above, the Court finds that Defendant is competent to stand trial at this time.  The Court excludes the time from filing the Motion for Competency and Sanity Evaluation, May 12, 2011, to the date of this Order, pursuant to 18 U.S.C. § 3161(h)(1)(A).  The parties are directed to contact a Magistrate Judge to set this matter for a change of plea.

---

[7]*United States v. Mackovich*, 209 F.3d 1227, 1231-32 (10th Cir. 2000) (quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975)).

[8]*Id*. at 1232 (quoting *United States v. Boigegrain*, 155 F.3d 1181, 1189 (10th Cir. 1998)).

DATED July 20, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge